IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NO. AP-74,969
 





EX PARTE JAMES McCURRY, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 FROM HARRIS COUNTY





 Hervey, J., delivered the opinion for a unanimous Court.


O P I N I O N 



 This is a post-conviction application for a writ of habeas corpus filed pursuant to Article
11.07, Tex. Code Crim. Proc. Applicant was serving a ten-year sentence on a conviction for sexual
assault of a child when he was placed on mandatory supervision pursuant to § 508.001(5), Tex.
Gov't Code. Applicant was confined at the Ben Reid Correctional Facility (a private correctional
facility) as a condition of his mandatory supervision.

 Applicant contends that the imposition of this condition without first providing him with a
hearing to contest it violated due process. (1) He claims that this condition "is qualitatively different
from punishment characteristically suffered by sex-offender parolees."

 Applicant relies on a Fifth Circuit decision in Coleman v. Dretke which held that a parole
panel violated due process by imposing sex offender registration and sex offender therapy as
conditions of an inmate's release to mandatory supervision without providing the inmate (who had
never been convicted of a sex offense or otherwise found to be a sex offender) an opportunity to
contest his sex offender status. See Coleman v. Dretke, 395 F.3d 216, 221-25 (5th Cir. 2004). 
Coleman applied the principle that due process guarantees an inmate some process before the
government can impose conditions that are "qualitatively different" from the punishment
characteristically suffered by a person convicted of the crime, and which have stigmatizing
consequences. Id. Coleman decided that both of these factors were present in that case. Id. (due
process provided inmate with liberty interest in freedom from stigma of sex offender classification
and compelled sex offender treatment which was qualitatively different from other conditions which
may attend an inmate's release).

 Applicant has not shown that his confinement in the Ben Reid facility is "qualitatively
different" from conditions authorized by statute (see footnote 1) and characteristically imposed on
many other convicted sex offenders who are placed on mandatory supervision. We are unable to
conclude that this condition is "such a dramatic departure from the basic conditions of parole" for
many other convicted sex offenders that due process mandates procedural protections. Id. Nor can
we conclude that applicant's confinement in the Ben Reid facility is a "stigmatizing classification"
like the one in Coleman where an inmate who had never been convicted of a sex offense nevertheless
was classified as a sex offender with stigmatizing consequences. Id. Applicant, therefore, was not
entitled to a hearing to contest his confinement in the Ben Reid facility as a condition of his
mandatory supervision. 

 Habeas corpus relief is denied.


 Hervey, J.


Delivered: June 29, 2005

Publish

 

 

 
1. The applicable statutes put an inmate on notice that a parole panel may impose as a condition
of mandatory supervision any condition that a court may impose on a defendant placed on
community supervision under Article 42.12, Tex. Code Crim. Proc. See §508.221, Tex. Gov't
Code. A court may require as a condition of community supervision that a defendant serve time in
a community corrections facility such as the Ben Reid Facility. See Article. 42.12, §§ 11, 12, 18,
Tex. Code Crim. Proc.; Article 42.13 § 1(b)(2), Tex. Code Crim. Proc. Applicant, therefore, was
on notice that this condition could have been imposed as a condition of his mandatory supervision.